# Robinson & Yablon, P.C.
ATTORNEYS AT LAW
232 Madison Avenue, Suite 909
New York, New York 10016
TELEPHONE: (212) 725-8566
FACSIMILE: (212) 725-8567
www.ryinjury.com

May 4, 2021

*Via ECF*
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



**Re: *Hernandez v. Family Dollar Stores*
1:20-CV-07888 (KPF)**

Dear Judge Failla:

  We represent the plaintiff in the referenced matter. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, plaintiff seeks to join three parties. As one of the necessary parties is a New York corporation, this case must be remanded to state court. The bases for this request are as follows:

  We have been preparing the motion for summary judgment to be filed later this month. In the course of doing so, we have determined that defendant failed to disclose pertinent witnesses and documents which, without question, counsel has known about since the inception of this litigation. Specifically, counsel withheld from my office the identity of witnesses with knowledge of and documents relating to the complaints regarding the maintenance and repair of the freezers at the subject store. We have thus concluded that three additional entities should be added as direct defendants in this case. These necessary parties are:

  **DOLLAR TREE STORES, INC[1].** ("DTS") (Virginia Corporation);

  **SMS ASSIST, LLC** ("SMS") (Delaware Corporation); and

  **THERMOCHILL HVACR, LLC** ("THERMO") (New York Corporation).

DTS is the corporate parent of Family Dollar Stores of New York. SMS is a property management company. In 2013, SMS contracted with DTS to provide maintenance services

---

[1] At the time of the case's removal from state court, defense counsel identified DTS as the named defendant's (FDSNY) corporate parent. *See*, Def. Rule 7.1 Statement, ECF @ Document #3.

to over 7,000 Family Dollar and Dollar Tree Stores. Family Dollar store managers must request all repair services through SMS. In turn, SMS contracted with THERMO to provide refrigeration & freezer unit maintenance and repair services in New York. In June 2018, a manager at the subject store notified SMS that a store freezer was leaking. At SMS's direction, THERMO was dispatched to perform work on the freezer at issue. Defendant claims that the repair was performed and that there was no need for further repairs. In August 2018, plaintiff slipped and fell on water leaking from the store's freezer. Between 2016 and the date of plaintiff's fall, SMS assist dispatched repair workers to work on the store's freezers on multiple occasions.

As discussed at our pre-motion conference, the store's two freezer units had a lengthy history of leaks and purported repairs. One freezer was leaking when the plaintiff fell. It was leaking a day later when her husband returned and saw blue towels stuffed at the base of the unit to soak up leaking water from the freezer unit. Defendant's store manager testified that he requested his client's "corporate" office remove the freezer because it kept leaking despite repeated service calls. The manager further admitted that the freezer leaks were a recurrent dangerous condition. The lone other store employee deponent was shown the photograph below (taken by plaintiff's husband) and admitted that leaks from the freezer were a recurrent problem.



Plaintiff has viable negligence claims against DTS, SMS and THERMO. DTS negligently hired SMS and negligently failed to remove and/or replace the faulty freezer units despite a request by the store's manager before the plaintiff fell. SMS negligently failed to secure and ensure competent maintenance and repairs of the freezers in the store. SMS failed to grasp that, despite years of complaints about both units, the leaks persisted. SMS thereby permitted the dangerous condition to exist and worsen and is charged with each instance of its recurrence. SMS negligently retained THERMO whose worker negligently performed the assigned repair only weeks before plaintiff fell in front of a unit that had been the subject of numerous prior complaints and service calls. The repair by THERMO, like those which preceded it, was shoddy. THERMO is therefore also to blame for the water upon which plaintiff slipped.

The statute of limitations for a negligence claim against THERMO shall not expire until June 2021. Plaintiff is additionally within the statute of limitations period to assert state law tort claims against SMS and DTS. While defendant may argue that plaintiff was not a party to the DTS/SMS or SMS/THERMO contracts, an injured party in New York may assert claims against defendants where, as here, they failed to exercise reasonable care in the performance of their duties and thereby launched an instrument of harm. *See, Espinal v. Melville Snow Contractors,* 98 NY2d 136, 140 (2002) and; *Beg v. Elias Props. Valley Stream 500 Sunrise, LLC,* 2017 US Dist. LEXIS 70002 [EDNY 2017 [Spatt,J]) (permitting joinder of non-diverse party where contract raised questions of duty to the plaintiff in slip and fall action). In considering the propriety of the relief plaintiff seeks, the Court must consider how this new information came to light, and how it was withheld in contravention of the Federal Rules of Civil Procedure.

Before this case was removed, on August 5, 2020, we served defense counsel with Combined Demands and Notices, a copy of which are annexed as **Exhibit "1"**. Therein we requested defense counsel produce, *inter alia*, the names and addresses of all notice witnesses, all Family Dollar training materials, maintenance logs, repair records, invoices and all other documents relating the store's freezer units, and store maintenance contracts for all work performed at the store between 2015-2018. Four month later, after removal, defense counsel served his response to those demands under the federal caption. Counsel claimed, pursuant to the FRCP, that the demand for maintenance contracts was "overbroad, vague and ambiguous". *See,* **Exhibit "2"** annexed hereto @ Demand/Response L. Counsel refused to produce his client's contracts because he alleged the demand for them was somehow improper, but there was nothing wrong with the plaintiff's straightforward document request. Had defense counsel provided a proper response, this course of this case would have been quite different.

Annexed as **Exhibit "3"** is the DTS/SMS contract which we obtained from the court file in a pending matter, *Konnert v Family Dollar and SMS Assist*, in Erie County Supreme Court. Annexed as **Exhibit "4"** is an SMS/Vendor subcontract with from the *Konnert* matter. An identical subcontract must exist between SMS and THERMO for the work SMS hired THERMO to perform at the subject Bronx Family Dollar Store. The contracts should

have been produced at the outset of discovery, but they were withheld with a baseless objection.

Defendant served three Rule 26 disclosure statements in which its witnesses were disclosed. At no time did defense counsel disclose any SMS or THERMO employee as a witness with relevant information. Defense counsel has repeatedly claimed that his client's defenses rest upon the maintenance and repair records for the freezers. During our pre-motion conference, Mr. Schaerf stated, "You know this whole idea that he's going to cling to Rule 37, he has the invoices. He has the invoices…he has the records…These are the records. That's what we have…" Transcript of 4/1/2021 Conference @ p.8. In his letter response to our pre-motion conference request, defense counsel proclaimed, "Family Dollar's store manager stated that when the freezer in question had mechanical issues, it would be reported and fixed". *See*, ECF @ Doc. 19. The manager failed to mention, however, that reports of the freezer problems were made not only to his "corporate" superiors but also to SMS, which in turn then dispatched THERMO to perform the salient pre-incident repairs. Those repairs were shoddy because the leak persisted, and plaintiff fell in water leaking from the freezer.

The Court will recall my response to defense counsel's assertions about the limited discovery his office produced. I stated, repeatedly, that defendants will have a Rule 37 problem (opposing summary judgment) in this case because counsel never identified a single person with actual knowledge of multiple complaints about or repairs performed to the freezers. When we showed defendant's store manager the repair records, bate stamped and represented to be "Family Dollar" records, the manager did not recognize them. That is because they are not his company's documents, but rather SMS's documents. Defense counsel willfully misled plaintiff because counsel never supplemented his discovery responses to properly disclose his client's contracts for the store's maintenance and repair of the freezers. Nor did counsel properly disclose the multiple SMS and THERMO witnesses whose names appear throughout the documents. Annexed as **Exhibit "5"** are the repair invoices defense counsel produced. According to their LinkedIn profiles, and their appearance on the referenced freezer repair records, the following persons should have been disclosed and thereafter deposed as witnesses with relevant information:

<u>SMS FREEZER WORK INVOICE</u> dated June 2016 [FD00338-340]

***Kathryn Senyk:*** Regional Facilities Operations Manager SMS Assist
Employed by SMS June 2015-September 2016


<u>SMS FREEZER WORK INVOICE</u> dated April 2018 [FD000342-344]

***Kelly Graham***: Operations Specialist at SMS Assist
Employed by SMS August 2016-present

***Taylor McGee-Morales***: Customer Service Representative III at SMS Assist

**SMS FREEZER WORK INVOICE** dated October 2017 [FD000345-347]

*Andrew Johnson*: Operations Specialist at SMS Assist
Employed by SMS Assist August 2015-present

*Shaheda Shelina Choudhury:* Premier Account Billing Specialist at SMS Assist
Employed by SMS Assist May 2017-present

*Ty Whitehorn*: Tech Service Rep. at Master-Bilt Products[2]

**SMS FREEZER WORK INVOICE** dated June 2018 [FD000350-353]

*Aaron Jackson*: Accounts Payable Specialist at SMS Assist

*Rafael Almanzar*: Assistant at Thermochill HVAC

*Rashaud Bell*: Operations Specialist at SMS Assist
Employed by SMS Assist March 2018-June 2019

**SMS FREEZER WORK INVOICE** dated May 2017 [FD000354-357]

*Andrew Johnson*: Operations Specialist at SMS Assist
Employed by SMS Assist August 2015-present

*Ty Whitehorn*: Tech Service Rep. at Master-Bilt Products

*Taylor McGee-Morales*: Customer Service Representative III at SMS Assist

Had the above persons been promptly and properly disclosed, plaintiff would have deposed them so as to establish the particulars of each complaint about the leaking freezers, resulting in each SMS log of such complaints and each resultant dispatch of a service technician and each such service call to the subject store.

    Messers. Schaerf and Smith have represented Family Dollar and Dollar Tree Stores for many years. They have removed many cases to this Court and the Eastern District of New York. They defend dozens of other such cases in state court in New York and New Jersey. There can be no question defense counsel knew of SMS and THERMO yet failed to disclose their contracts, repair records, and witness identities to my office. There can be no question that counsel's withholding of such material, which was discoverable, resulted in a waste of

---

[2] It appears that prior to the SMS/THERMO subcontract, SMS utilized Alpine Mechanical Services, LLC, Standex International Corp., and Master-Bilt for the store's freezer repairs. The statute of limitations for claims against these three entities has expired and, as such, plaintiff does not seek to add them as direct defendants.

time and resources of this Court and my office. This case never should have been removed in the first place. A simple and accurate discovery response that properly identified THERMO and SMS and all persons related to the prior repair requests and service calls to the store should have been provided. Such a routine and straightforward production of responsive discovery was all that was needed to prevent the situation which the Court must now address.

We attach as **Exhibit "6"** an amended complaint which names DTS, SMS, THERMO and the current Federal Court defendant as parties. We have captioned the matter in Bronx County Supreme Court, the original venue chosen by plaintiff, as a New York plaintiff and a newly named New York defendant would appear in the same caption, and thus the amended pleading would divest this Court of jurisdiction.

"For a district court to have diversity jurisdiction under the rule of 'complete diversity,' no plaintiff can share the same state citizenship with any defendant." *Greco v. Starbucks Coffee Co.*, 2006 US Dist. LEXIS 50684 @ *12 (SDNY 2006 [McMahon,J]), *citing, Strawbridge v. Curtiss*, 7 U.S. 267 (1806). In the Second Circuit, "district courts 'will only permit joinder under such circumstances if it is consistent with the principles of fundamental fairness." *Id.* "In determining whether joinder and remand would be fundamentally fair, the Court balances a number of factors: (1) any delay in seeking joinder, and the reason for that delay; (2) any resulting prejudice to defendant; (3) the likelihood of multiple litigation; and (4) plaintiff's motivation in seeking joinder." *Id., citing Hunt v. Stryker Corp.*, 2004 US Dist. LEXIS 3896 @ *5 (SDNY 2004 [Sweet,J]).

Applying the foregoing factors to the case at bar, joinder and remand are warranted. Plaintiff's delay in seeking joinder resulted from defendant's incomplete and misleading discovery responses. Counsel clearly had an obligation under FRCP 26 to supplement prior disclosures yet failed to do so. Plaintiff discovered the additional parties notwithstanding defense counsel's conduct and, as such, there is a sufficient explanation for the delayed motion for relief. As for plaintiff's motion for summary judgment, it can be filed in state court after new defendants appear and discovery is exchanged. Next, there can be no prejudice to the defendant because it may seek apportionment from and assert cross claims against the new parties for their acts and omissions that proximately caused the plaintiff harm. In fact, in the *Konnert* case, SMS and DTS have the same defense counsel and DTS is being indemnified by SMS's carrier pursuant to a clause in the very contract annexed to this letter. Third, if this Court denies joinder, plaintiff will be constrained to file suit in state court against DTS, SMS and THERMO, thereby resulting two separate courts devoting resources and time to parallel litigations arising from the same operative facts. "Courts in this Circuit have repeatedly held that avoidance of multiple litigation points toward joinder of a party even if joinder will defeat diversity." *Greco*, 2006 US Dist. LEXIS 50684 @ 14, *citing Rosenthal v. Life Fitness Co.*, 977 F.Supp. 597, 600 (EDNY 1997). Finally, plaintiff's motivation in seeking joinder and remand is clear. She has the right and her counsel has the

duty to advance viable claims against all potentially liable defendants.³ *See, Beg, supra* @ *14.; *Bruno v. Zimmer, Inc.*, 2017 US Dist. LEXIS 216684, @ *49 (EDNY 2017 [Tomlinson,J]) (granting motion to join parties and remand where plaintiff sought to join all defendants who may have contributed to the injury in order to increase the likelihood of recover); and *Deing v. Smith & Nephew Dyonics, Inc.*, 2003 U.S. Dist. LEXIS 17087, @ *9 (SDNY 2003 [Casey,J]). Accordingly, all factors warrant the relief herein sought.

Thank you for your consideration of this matter.

Respectfully submitted,
ROBINSON & YABLON, P.C.

Andrew M. Laskin, Esq. (AL9379)

cc: Defense Counsel (via ECF)

```
The Court is in receipt of Plaintiff's letter seeking to amend her
Complaint and remand this case to state court.  Defendant is directed
to submit a response addressing the issues raised in Plaintiff's
letter on or before May 7, 2021.

Dated:     May 4, 2021              SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

³ To that end, defendant has asserted an affirmative defense that plaintiff failed to name indispensable parties over whom she could have obtained jurisdiction.